UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TUFAMERICA, INC. d/b/a TUFF CITY RECORDS, :
:
                Plaintiff, :    Index No.: 06-CV-15388 (LBS)
:
    - against - :    **ANSWER**
:
ROC-A-FELLA RECORDS, INC., ROC-A-FELLA :
RECORDS, LLC, UMG RECORDINGS, INC. and :
UNIVERSAL MUSIC GROUP, INC., :
:
                Defendants. :
------------------------------------------------------------------x

      Defendants ROC-A-FELLA RECORDS, LLC, UMG RECORDINGS, INC. and UNIVERSAL MUSIC GROUP, INC. (collectively, "Defendants"), by and through their attorneys, Jenner & Block LLP, as and for their answer to the complaint dated December 21, 2006 (the "Complaint") of plaintiff TUFAMERICA, INC. d/b/a TUFF CITY RECORDS ("Plaintiff"), respond as follows:

      1.    Admit the allegations contained in paragraph 1 of the Complaint.

      2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

      3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

      4.    Deny the allegations contained in paragraph 4 of the Complaint, except aver that Roc-A-Fella Records, LLC is a limited liability company organized and existing under the laws of the State of New York and does business in the State of New York.

      5.    Deny the allegations contained in paragraph 5 of the Complaint, except admit that UMG Recordings, Inc. is a corporation that does business in the State of New York.

7982

6. Deny the allegations contained in paragraph 6 of the Complaint, except admit that Universal Music Group, Inc. is a corporation organized and existing under the laws of the State of Delaware.

7. Admit the allegations contained in paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

7982

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint, except admit that UMG Recordings, Inc. released an album titled "The Chain Gang, Volume 2" (the Album") recorded by the musical group State Property.

18. Deny the allegations contained in paragraph 18 of the Complaint, except admit that the Album contains a recording titled "Criminal Background" (the "Recording").

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint, except admit that UMG Recordings, Inc. has exploited the Album and the Recording.

21. Deny the allegations contained in paragraph 21 of the Complaint, except admit that UMG Recordings, Inc. has generated revenue from its exploitation of the Album.

22. Deny the allegations contained in paragraph 22 of the Complaint, except admit that UMG Recordings, Inc. has generated revenue from its exploitation of the Recording.

23. Deny the allegations contained in paragraph 22 of the Complaint, except admit that UMG Recordings, Inc. has licensed the right to exploit the Recording to third parties.

24. In response to the allegations contained in paragraph 24 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. Admit the allegations contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraph 26 of the Complaint.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint.

31. Deny the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. In response to the allegations contained in paragraph 34 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. Admit the allegations contained in paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36 of the Complaint.

37. Deny the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Deny the allegations contained in paragraph 41 of the Complaint.

42. Deny the allegations contained in paragraph 42 of the Complaint.

43. Deny the allegations contained in paragraph 43 of the Complaint.

7982

## AS AND FOR A FIRST DEFENSE

(1)     The Complaint fails to state a claim against Defendants upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

(2)     Plaintiff's claims and prayer for relief are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A THIRD DEFENSE

(3)     Plaintiff's claims and prayer for relief are barred, in whole or in part, by the doctrine of laches.

## AS AND FOR A FOURTH DEFENSE

(4)     Plaintiff's claims fail because any alleged copying is *de minimis* and is not actionable.

## AS AND FOR A FIFTH DEFENSE

(5)     Plaintiff's claims fail because any alleged use of Plaintiff's allegedly infringed work constitutes fair use thereof.

## AS AND FOR A SIXTH DEFENSE

(6)     Plaintiff's claims and prayer for relief are barred, in whole or in part, by the doctrine of estoppel.

## AS AND FOR A SEVENTH DEFENSE

(7)     Plaintiff's claim and prayer for relief is barred, in whole or in part, by the doctrine of waiver.

7982

<u>AS AND FOR AN EIGHTH DEFENSE</u>

(8)     In the event of a finding of infringement, if any, any such infringement by any of the Defendants was innocent.

WHEREFORE, Defendants respectfully request that the Court:

A.   Dismiss Plaintiff's Complaint in its entirety with prejudice and award judgment to Defendants;

B.   Award Defendants their reasonable costs and attorneys' fees incurred in having to defend this action, pursuant to 17 U.S.C. § 505; and

C.   Award Defendants such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        March 20, 2007                         JENNER & BLOCK LLP

                                               By: /s/ Andrew H. Bart
                                               Andrew H. Bart (AB 6724)
                                               Carletta F. Higginson (CH 6941)
                                               919 Third Avenue, 37th Floor
                                               New York, New York 10022
                                               (212) 891-1600

                                               *Attorneys for Defendants Roc-A-Fella Records, LLC, UMG Recordings, Inc. and Universal Music Group, Inc.*

7982

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TUFAMERICA, INC. d/b/a TUFF CITY RECORDS, :
:
                 Plaintiff,    :   Index No.: 06-CV-15388 (LBS)
:
      - against -    :
:   **CERTIFICATE OF SERVICE**
ROC-A-FELLA RECORDS, INC., ROC-A-FELLA :
RECORDS, LLC, UMG RECORDINGS, INC. and :
UNIVERSAL MUSIC GROUP, INC., :
:
               Defendants. :
------------------------------------------------------------------x

    I, Carletta F. Higginson, an attorney duly authorized to practice law in the state of New York hereby certifies that on this 20th day of March 2007 I caused true and correct copies of Defendants Roc-A-Fella Records, LLC, UMG Recordings, Inc. and Universal Music Group, Inc.'s *Answer* to be filed upon the following attorney(s) and law firm(s) via first class mail:

        Oren J. Warshavsky, Esq.
        Troutman Sanders LLP
        The Chrysler Building
        405 Lexington Avenue
        New York, New York  10174

                                    _____
                                    Carletta F. Higginson

8177.1